TVheeleb, J.
It is objected that interest at ten per cent, was allowed after the maturity of the note; whereas, it is insisted that eight per cent, only was recoverable after that period. The statute fixes the legal rate of interest at eight per cent., and authorizes the recovery of that rate of interest “ on all written con- “ tracts ascertaining the sum due, when no specific premium or rate of interest is “expressed.” (Dig., art. 1607.) But here a specific rate of interest is expressed in the contract. Ir. does not, therefore, come within the provision fixing the legal rate of interest, but is clearly within that which authorizes the recovery of any rate of interest for which the parties may contract, not exceeding twelve per cent. (Id., 1608.)
it doubtless was the intention of the parties to contract for ten per cent, interest upon the debt until paid, and there can be as little doubt that it was the intention of the Legislature to authorize the making and enforcing of such a contract. The interest was computed according to the universally received construction of the statute, and the uniform practice of the court under it from its adoption to the present time, and with what appears to he its plain meaning and intention. We entertain no doubt of the correctness of the rule of computation adopted, and are of opinion that the judgment be affirmed.
Judgment affirmed.