## NORTHWESTERN NAT. LIFE INS. CO. v. WHITTINGTON et al.

### No. 8018.

Court of Civil Appeals of Texas. Austin.

Nov. 28, 1934.

Rehearing Denied March 27, 1935.

McBride, Hamilton, Lipscomb & Wood, of Dallas, for appellant.

B. P. Matocha and E. A. Wallace, both of Cameron, for appellees.

McCLENDON, Chief Justice.

The controlling question in this case is whether, under a proper construction of the wording of two real estate mortgages given to secure a $5,000 loan, the transaction is usurious.

The first mortgage secured a bond for $5,000, with interest coupons attached at 7 per cent. per annum; the second mortgage, executed simultaneously, secured five $100

174

interest notes, maturing annually thereafter, with interest thereon from maturity at 10 per cent. per annum. The first mortgage does not in any way refer to the second mortgage, or the second mortgage notes. It provided, in case of default: "Then or in any event, the said principal sum hereby secured, and all interest thereon to the date of payment thereof, shall, at the option of the holder of said bond, be and become immediately due and payable, anything in this mortgage or said bond contained to the contrary notwithstanding."

The contention that the transaction is usurious arises from the following acceleration provision of the second mortgage: "But if default should be made in the payment of any of the notes above described, or of the bonds, or any of them, secured by the first mortgage aforesaid or if default should be made in the compliance with any of the terms or conditions of said first mortgage, which are hereby adopted and made a part of this instrument, then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof, without notice of such election to the mortgagor."

Applying the rule announced in Hughes v. Bryson (Tex. Civ. App.) 29 S.W.(2d) 898; Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826; and Burnette v. Realty Trust Co. (Tex. Civ. App.) 74 S.W.(2d) 536, we have reached the conclusion that the transaction is not tainted with usury.

There is no provision in either mortgage that upon acceleration of payment any unearned interest shall be payable; and the first mortgage specifically provides in case of default for the maturity of "all interest thereon to the date of payment thereof." This clearly has reference to all interest on the principal debt, which includes the interest notes, as they were given solely for interest on the principal debt.

The principle of construction here involved is very fully discussed in the Walker Case, and it is not necessary to do more here than to refer to that discussion.

The trial court's judgment is reversed, and judgment is here rendered for the amount of the principal debt and interest shown to be due appellant, with foreclosure of appellant's mortgage lien. Counsel for appellant will prepare a draft of decree to be entered in accordance with this holding, submit it to counsel for appellees for approval as to form, and file it with the clerk of this court within ten days from this date.