## SOUTHWESTERN LIFE INS. CO. v. STANLEY et ux.

### No. 3238.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

McBride, Hamilton, Lipscomb & Wood, of Dallas, for appellant.

McKinney & Berry, of Cooper, for appellees.

WALTHALL, Justice.

We find, upon comparison with the record, that the statement of the nature and result of the suit made by appellant in its brief is substantially correct, and adopt the statement as our own.

Southwestern Life Insurance Company, appellant, by amended petition, sued J. P. Stanley and wife, Rosa Stanley, appellees, alleging that on August 26, 1926, they made and executed their certain promissory note payable to the order of D. H. Scott & Son, in the principal sum of $1,100, due January 1, 1934, bearing interest at the rate of 6 per cent. per annum, and providing for the usual 10 per cent. attorney's fees; that contemporaneously therewith they executed their certain deed of trust conveying in trust to T. M. Scott, trustee, a certain tract of land in Delta county, Tex., as security for the note; that on December 9, 1926, D. H. Scott & Son, for a valuable consideration, assigned the note and lien to the appellant, who was the holder thereof. Appellant pleaded the history of the note, alleging that it was given in renewal of a certain vendor's lien note for $1,000 and interest accrued thereon, executed by J. P. Stanley on December 27, 1913, payable to the order of W. D. Stanley, given as part of the purchase price of

said land under deed dated December 27, 1913, from W. D. Stanley to J. P. Stanley; that W. D. Stanley assigned said vendor's lien note to the American Freehold Land & Mortgage Company of London, Limited, which assignee sold it to M. T. Huggins, guardian; that said guardian duly sold it to D. H. Scott & Son, who renewed it on January 21, 1922, by accepting the deed of trust note for $1,100, executed by J. P. Stanley and wife, Rosa Stanley, payable to D. H. Scott & Son, due January 1, 1927, secured by deed of trust to T. M. Scott, trustee. It was also alleged that on August 26, 1926, said vendor's lien note was again renewed by the execution of the note sued upon, at which time the renewal deed of trust on which foreclosure was sought was likewise executed. Appellant further alleged that on the last-mentioned renewal note the principal had been delinquent since January 1, 1934, and interest since January 1, 1933. There were other defendants who held subordinate liens, but they are not parties to this appeal. Appellant prayed for judgment in personam against J. P. Stanley for its principal, interest, and attorney's fees, and for judgment of foreclosure against all defendants.

Appellees, Stanley and wife, filed general denial to plaintiff's suit and a cross-action, in which they attacked the indebtedness held by the appellant as being usurious, claimed that they had paid in interest on it $998, for which they demanded in the first instance double recovery for the usury penalty statute, and in the alternative they demanded that such interest be applied in pro tanto cancellation of the principal of the note. No claim was made by them that they had paid actual usury, but they did contend for constructive usury.

To appellees' cross-action appellant answered that it was an innocent purchaser of the note sued on for value, and made further answer which we need not here state.

No jury was demanded, and the case was submitted to the court. The court found and stated in the judgment that the debt sued upon was usurious; that the transaction was one wherein appellees, J. P. Stanley and wife, Rosa Stanley, borrowed of and from D. H. Scott & Son the sum of $1,100, on January 21, 1922, as shown by deed of trust, is usurious and void as to interest; that all renewals of said transaction are usurious; and that Stanley and wife had paid as interest the sum of $921.-

55, and credited said sum on the principal note of $1,100, leaving a balance due on the note of $196.30, for which judgment was rendered for appellant.

The case is properly before this court on appeal.

### Opinion.

The note upon which the suit is brought provides that in the event of default in the payment of the note, or any one of the interest notes, or any part of either, as same shall become due and payable, or in case of failure to comply with any of the agreements and conditions set forth in the instrument given to secure the note, "then in such case the principal sum expressed in this note, with all accrued interest, shall at the option of the legal holder or holders hereof at once become due and payable," with costs and 10 per cent. attorney fee. The note recites that it is secured by a vendor's lien and deed of trust lien on the real estate.

The deed of trust referred to in the principal note contains the following:

"There being a special agreement, in the making and delivery of said special note, or notes, as expressed therein, that if any one of said installments of interest or principal is not paid when due, then, at the option of the holder of said indebtedness the whole thereof, principal, interest and attorney's fees, if any, shall at once become due and payable, and the holder may proceed to collect the same by sale under the deed of trust, or otherwise, as the said holder may elect." Also—

"The grantor(s) herein further agree(s) that in case he (or they) fail(s) to pay any premiums upon the policy or policies of insurance above referred to, (if request to insure is made), or fail(s) to take out and provide the said insurance, or in case fail(s) to pay any taxes against the lands herein described before the same shall become delinquent then, at the option of the said beneficiary herein or the owner and holder of the notes herein described, the whole indebtedness secured by this deed of trust, principal and interest, and attorney's fees, if any, shall at once become due and payable, and the holder thereof may proceed to collect the same by sale under this deed of trust, or otherwise, as the holder may elect; or if the grantor(s) fail(s) to keep and perform any other covenant herein made, such holder may declare all of said indebtedness at once due and payable."

■ We understand that appellees claim the above-quoted provisions from the deed of trust render the contract sued upon usurious and void as to interest, and that the contract is rendered usurious by reason of expressions used in the deed of trust; that "the whole thereof, principal, interest and attorney's fees" shall become due and the provision that on failure to perform other obligations mentioned in the deed of trust "the whole indebtedness secured by this deed of trust" becomes due and payable. Such is not the construction placed upon contracts having similar provisions. In Bankers' Life Co. v. Miller et al. (Tex. Civ. App.) 68 S.W.(2d) 574, 575, the expressions there used are very similar to those here. The note provided for interest at the rate of 6 per cent. per annum evidenced by the interest coupons. The acceleration clause expressly provided that upon failure to pay the note or any interest coupon when due, "the principal and all interest accrued thereon shall become due." The Waco court held that such acceleration clause would allow the holder upon acceleration of the maturity of the note to collect no more than the principal of the note and accrued interest, with attorney fees, and said, "This was clearly within the law"; held that the expression "the whole of the indebtedness" which was to be declared due and payable on default embraces only the earned interest at the time of the acceleration, and would not include the unearned interest. In that case a writ of error was refused.

Other courts have given a like construction of clauses in instruments having the same or similar provisions. Ætna Life Ins. Co. v. Foster (Tex. Civ. App.) 66 S.W. (2d) 428; Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634; Burnette v. Realty Trust Co. (Tex. Civ. App.) 74 S.W.(2d) 536; Northwestern Nat. Life Ins. Co. v. Whittington (Tex. Civ. App.) 81 S.W.(2d) 173, and cases there referred to.

In Lincoln Nat. Life Ins. Co. v. Anderson (Tex. Com. App.) 80 S.W.(2d) 294, where the acceleration clause in the deed of trust provided that on default the "whole indebtedness and all sums secured by this mortgage, to wit, the principal and interest then accrued," should become due at option of holder, the Commission of Appeals held that the instrument did not provide for the collection of unearned interest, and the loan was not usurious. The same construction as above was given in Odell v. Commerce Farm Credit Co. (Tex.

Com. App.) 80 S.W.(2d) 295, where the deed of trust provided that on default the "entire indebtedness" should become due.

■ Now on another feature of this case the record shows that the note sued upon here was a renewal note and this renewal note was secured by this renewal deed of trust. The note now sued upon is dated August 26, 1926, and is made payable to the order of D. H. Scott & Son of Paris, Tex., on the 1st day of January, 1934. This note was assigned by D. H. Scott & Son, on December 9, 1926, to the appellant, Southwestern Life Insurance Company.

The evidence shows that the original transaction involved here was had between appellees and W. D. Stanley in 1913, and that all of the indebtedness involved here originated in the purchase by appellees from W. D. Stanley of the land described in the deed of trust; that the original indebtedness was evidenced by vendor lien notes and the indebtedness was also secured by a deed of trust on the land given by appellees to secure the payment of said note; that the note was renewed and assigned as stated above; one of the assignees being W. D. Scott & Son, to whom the note was renewed in 1922.

J. P. Stanley, one of the appellees, testified that he had paid the interest notes upon the loan, stating the amounts, as they accrued each year, to D. H. Scott & Son, or the Scott Title Company, who was handling the transaction.

Appellees have paid no part of the principal of the note. The first dealing appellees had directly with appellant was in 1934.

All of the interest paid prior to two years before the filing of the suit, regardless as to whom it was paid, would be barred by limitation as to usury under appellant's plea.

If the original transaction in the execution of the notes, in the purchase of the land and deed of trust was usurious, which we do not think it necessary to decide, and where the appellees renew, and in the renewal assume and agree to pay such prior obligation to a party other than the original party in the transaction, they are thereby estopped to plead usury.

■ Appellant was not a party to the original debt and obligation alleged to be usurious, and did not own the notes until after the second renewal. Cordell v. Lincoln Nat. Life Ins. Co. (Tex. Civ. App.)

60 S.W.(2d) 474, and cases there referred to. In that case a writ of error was refused. The obligation then arises from the assumption of the notes for part consideration of the land. The law is that where a party as part consideration for the purchase of real estate agrees to pay a prior obligation, he is estopped to plead usury. Van Meter v. American Central Life Ins. Co. (Tex. Civ. App.) 78 S.W. (2d) 251. Under that case and other cases so holding we are inclined to the view that appellees would be held as subsequent purchasers of the property assuming and agreeing to pay the indebtedness secured by the deed of trust as a part of the consideration for said property.

We have concluded that the appellees' plea of usury should not have been sustained, and for that reason the case must be reversed.

The case is reversed and here rendered for appellant.