**FORD MOTOR CREDIT COMPANY,**
**Appellant,**

v.

**B. L. LONG, Appellee.**

**No. 8518.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 23, 1980.

Rehearing Denied Nov. 20, 1980.

Frank M. Lamson, Port Arthur, Randall A. Hopkins, Houston, for appellant.

Wayne Peveto, Orange, for appellee.

DIES, Chief Justice.

On April 12, 1978, B. L. Long, appellee, purchased a new 1978 Ford dump truck from Kinsel Ford, Inc., of Beaumont, financing the purchase by executing an installment contract (hereafter "contract"). The contract reflected an unpaid cash price of $30,998.06, other charges of $4,582.03, a finance charge of $9,449.37 for a total payment of $45,029.46. The contract was assigned to Ford Motor Credit Company, under the terms of which Long, appellee, was to make forty-two monthly payments of $1,072.13 each. Appellee failed to timely pay his installments, and on February 26, 1979, Ford Credit filed suit.

Appellee subsequently filed a cross-action, alleging usury and other violations of the Texas Consumer Credit Code, *Tex.Rev. Civ.Stat.Ann. art. 5069–1.01*, et seq. (1971). In a non-jury trial, appellee received judgment as follows: a cash recovery of $31,-296.99, of which $22,359.49 was statutory penalty; attorney's fees of $5,437.50 for the trial; $2,000 for the appeal to this court; $1,000 attorney's fees in the event the suit is taken to the Supreme Court; and another $500 if a writ of error is granted. The judgment also relieved appellee from any further contract by which he had financed the purchase of the truck and released Ford Credit's lien on the truck. It is from this judgment Ford Credit perfects this appeal. The parties in this opinion will be referred to as appellant and appellee.

Appellant's first points all relate to Paragraph 19 of the contract, which in his findings 17, 18, and 22 the court found to be usurious and authorized the imposition of the penalties in *Tex.Rev.Civ.Stat.Ann. art. 5069–8.02* (Supp. 1971–1979).

Paragraph 19 of the contract follows: "19. Default

"Time is of the essence of this contract. In the event Buyer defaults any payment,

or fails to obtain or maintain the insurance required hereunder, or fails to comply with any other provision hereof, or Seller in good faith believes that the prospect of payment or performance hereunder is impaired, *Seller should have the right to declare all amounts due or to become due hereunder to be immediately due and payable....*" (Emphasis supplied.)

Appellee contended, and the trial court agreed, that the above underlined language allowed appellant to accelerate and demand payment of all the unpaid finance charge, including the unearned portion thereof, and hence applied the sanctions of *Tex.Rev.Civ. Stat.Ann. art. 5069–8.02* (1971).

In Paragraph 14 of the present contract, a rebate of the unearned finance charge on prepayment is provided, which appellant observes on default as well. It is undisputed that the prematurity interest rate contained in the contract itself is lawful.

■ In a recent Supreme Court case, *Smart v. Tower Land and Investment Co.,* 597 S.W.2d 333 (Tex.1980), quoting with favor *Walker v. Temple Trust Co.,* 124 Tex. 575, 80 S.W.2d 935 (1935), the Court indicated that an acceleration clause would not be usurious unless it contained language "affirmatively provid[ing] for the retention of unearned interest." While we do not approve of the language underlined in Paragraph 19 of this contract, since our record shows appellant complies with the rebate Paragraph 14, we "adopt the construction which comports with legality," *Walker v. Temple Trust Co.,* supra, 80 S.W.2d at 936. See also *Wellfare v. Realty Trust Co.,* 85 S.W.2d 1067 (Tex.Civ.App.– Eastland 1935, writ ref'd); *Donley v. Travelers Ins. Company,* 84 S.W.2d 815 (Tex.Civ. App.–Eastland 1935, writ dism'd); *Southwestern Life Ins. Company v. Stanley,* 84 S.W.2d 1084 (Tex.Civ.App.–El Paso 1935, no writ); *Davis v. Volunteer State Life Ins. Co.,* 135 S.W.2d 588 (Tex.Civ.App.–Texarkana 1939, writ ref'd); *Southland Life Ins. Co. v. Egan,* 86 S.W.2d 722 (Tex.Com.App. 1935, judgmt. adopted). See also the recent case of *Tradewinds Ford Sales, Inc. v. Cas-*

*key,* 600 S.W.2d 865, 872 (Tex.Civ.App.– Eastland 1980, appl. for writ pending), holding that Paragraph 19 of the contract, quoted in this opinion, does not violate the Consumer Credit Code. We sustain these points.

■ The contract in question is silent as to the rate of interest collected after maturity. Appellant contends under Texas law, in its next point, it may collect the same rate as before maturity, where of course not usurious. Appellee claimed, and the trial court agreed, appellant could collect but six percent per annum on the basis of *Tex.Rev.Civ.Stat.Ann. art. 5069–7.03* (1971) of the Code concerning post maturity, prejudgment interest.

The following authorities support appellant's position: *Hopkins v. Crittenden,* 10 Tex. 189 (1853); *Roberts v. Smith,* 64 Tex. 94, 97 (1885); *Linz v. Eastland County,* 39 S.W.2d 599 (Tex.Comm.App.1931, holding approved); see also *Cromwell v. County of Sac,* 96 U.S. 51, 61, 24 L.Ed. 681 (1878); 47 C.J.S. *Interest* § 39b, n.94 (1946). We sustain appellant's position.

■ Appellant's fifth and sixth points concern rebate under the so–called "Rule of 78's." This is the sum of the monthly balances formula. At the time of the judgment in our case, the Consumer Credit Code was silent concerning this method, but shortly after that judgment the Legislature adopted it as "Refunds on prepayment," *Tex.Rev.Civ.Stat.Ann. art. 5069–7.04* (Supp. 1979). An explanation of this formula would only add length to this opinion. Explanation of the Rule's application is given in *Bone v. Hibernia Bank,* 493 F.2d 135, 137 (9th Cir. 1974). See also, Perna, "Computing Interest Rebates Under The Rule of 78ths," 10 St. Mary's L.J. 94 (1978)

Appellee's attack on this formula is based on *General Motors Acceptance Corporation v. Uresti,* 553 S.W.2d 660 (Tex.Civ.App.– Tyler 1977, writ ref'd n. r. e.). We do not understand that this case prohibits the use of the "Rule of 78's." This is a widely used formula as seen from the authorities cited above and as stated is now expressly ap-

proved statutorily in Texas. We sustain these points of appellant.

■ Appellant's seventh and eighth points concern its charging of a $25 acquisition fee, condemned by the trial court. It is true the Code made no provision for this fee, neither did it prohibit it. Again, *art. 5069–7.04* (Supp.1979) now expressly allows this charge. At any rate, we find it de minimis and sustain these points. *Thornhill v. Sharpstown Dodge Sales, Inc.*, 546 S.W.2d 151 (Tex.Civ.App.–Beaumont 1976, no writ).

It follows from what we have said in this opinion we do not agree with appellee's two cross–points (each contending for a greater judgment than he received), and they are overruled.

We sustain appellant's ninth point seeking a judgment from appellee for the amount he owes on the contract. Since it is impossible for us to compute this amount, we remand this case to the trial court with instruction to render judgment for appellant against appellee as required by the contract involved.

REVERSED and REMANDED.