## PETROSCIENCE CORPORATION, et al., Appellants,

v.

## DIAMOND GEOPHYSICAL, INC., Appellee.

### No. B14–83–146CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 1, 1983.

Rehearing Denied Dec. 29, 1983.

Joe K. Longley, Longley & Maxwell, Austin, for appellants.

George M. Bishop, Bard, Groves, Sroufe & Bishop, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

### OPINION

ROBERTSON, Justice.

This is an appeal from the granting of a summary judgment allowing recovery against appellants on a promissory note. The trial court denied appellants' motion for summary judgment based on an alleged "charge" by appellee of a usurious rate of interest in contravention of TEX.REV.CIV. STAT.ANN. art. 5069–1.06 (Vernon 1971). Appellants bring six points of error which essentially claim the trial court erred in granting appellee's motion for summary judgment and denying their motion for summary judgment. We affirm.

The facts of the case are not in dispute. On November 11, 1981, the appellants executed a promissory note in favor of appellee in the amount of $569,007.07 bearing interest at 19% "until maturity." On April 20, 1982, the note was accelerated and the balance demanded. On April 29, 1982 appellee brought suit for recovery on the note "plus interest at the rate of 19% from April 20, 1982, . . . ." Appellants filed a general denial on July 29. On August 25, appellee filed an amended original petition seeking "interest at the rate of 19% from April 20, 1982, or the maximum rate allowed by law in Texas or Montana. . . ." On September 10, appellants filed their first amended answer, alleging for the first time, usury as a defense. Subsequently, appellants filed an amended answer and an amended motion for summary judgment seeking recovery under TEX.REV.CIV.STAT. art. 5069–1.06 (Vernon 1971), providing that one who charges in excess of double the amount of interest allowed by law shall forfeit all principal as well as interest and all other charges and shall pay reasonable attorney's fees set by the court. Appellants do not contest the validity of the note or the lawfulness of the acceleration.

"The issue on appeal from a summary judgment is whether the movant established as a matter of law his entitlement to summary judgment by conclusively proving that no genuine issue of material fact exists as to his cause of action or defense." *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983). In this case both parties sought summary judgment. Appellants sought to defeat appellee's motion and to support their own motion on the basis of the defense of a charge of usury as set out in their counterclaim. The required showings in such a case are well stated in *Gulf, Colorado & Santa Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (Tex.1959).

> Where the plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to have his summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless his opponent comes forward with a showing that there is such a disputed fact issue upon the affirmative defense.

Thus, to defeat appellee's motion for summary judgment appellants could either rely on appellee's failure to satisfy its burden or rely on their own affirmative defense. Appellants chose the latter course so the only issue for us to determine is whether appellants have shown a disputed fact issue with respect to their affirmative defense of usury.

■ As pointed out above the *only* evidence that appellee made a usurious "charge" is contained in pleadings which were abandoned *before* appellants alleged their defense of usury. Appellants argue the act of filing a pleading demanding a usurious rate of interest constitutes a "charge" as a matter of law. None of the cases cited by appellants so hold and our research has yielded none. The case with facts most like those before us is *Tyra v. Bob Carroll Constr. Co.,* 639 S.W.2d 690 (Tex.1982), where the supreme court noted the only "charge" of interest appeared in an abandoned pleading. However, there, the pleading was not amended until *after* the defendant asserted a counterclaim for usury. Even so, the supreme court never held this to be a charge, rather they said "assuming that there was a charge of interest, we affirm the judgment of the Court of Appeals (which found no charge) on the trial court's finding of bona fide error." *Tyra,* 639 S.W.2d at 691. Both appellee and appellants cite this case for numerous propositions and each believes it supports their position. The opinion is somewhat difficult to understand, but when read in conjunction with the court of appeals opinion (618 S.W.2d 853) we believe it does nothing more than state that the court of appeals was in error when it stated the "bona fide error" defense would not be applicable—although the court of appeals holding was that the issue was moot. We are unconvinced that it controls the outcome of our case.

As a general rule, when a petition is superceded by an amended petition, the

original petition no longer constitutes a pleading in the case. *Drake Ins. Co. v. King,* 606 S.W.2d 812 (Tex.1980). We hold that when a pleading (constituting the sole evidence of a "charge") admittedly seeking a usurious rate of interest is abandoned and amended so as to seek a lawful interest rate before any defense of usury is asserted, as a matter of law no usurious "charge" has been made. The cases so heavily relied upon by appellants: *Tyra v. Bob Carroll Constr. Co.,* 639 S.W.2d 690 (Tex.1982) and *Nationwide Financial Corp. v. English,* 604 S.W.2d 458 (Tex.Civ.App.—Tyler 1980, writ dism'd) are based on fact situations different from those before us. We do not read these cases to dictate a result different from the one we have reached. In view of our holding, we need not address the issue of accidental and bona fide error, evidence of which was also before the trial court. All six of appellants' points of error are overruled.

By crosspoint, appellee attempts to assign error in the failure of the trial court to grant recovery for prejudgment interest at the rate of 19%. We note that in its second motion for summary judgment appellee did not even request recovery for interest at such rate. Further, the record does not show any objections by appellee to the judgment entered. Nothing is before us for review. *Visage v. Marshall,* 632 S.W.2d 667, 673 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). Appellee's crosspoint is overruled.

The judgment is affirmed.