PETROSCIENCE CORPORATION et al., Petitioners,

v.

DIAMOND GEOPHYSICAL, INC., Respondent.

No. C–2723.

Supreme Court of Texas.

July 11, 1984.

Rehearing Denied Feb. 20, 1985.

Longley & Maxwell, Joe K. Longley, Austin, for petitioners.

George M. Bishop, Houston, for respondent.

PER CURIAM.

This is a suit on a note with a usury counterclaim. Diamond Geophysical sued Petroscience Corporation and two individual guarantors of the note. The note provided for interest at the rate of nineteen[1] percent until maturity, but was silent about interest after maturity. On default of installment payments, Diamond Geophysical accelerated the note and brought suit. Diamond Geophysical's original petition asked for interest at the rate of nineteen percent after maturity. It subsequently superseded that pleading with an amended petition asking in the alternative for interest at the maximum legal rate after maturity. Petroscience and its guarantors counterclaimed for usury. They alleged that since the note was silent about interest after maturity, the legal rate of six percent had to be implied under article 5069–1.03[2], which provides that a written contract with no specified rate bears interest at six percent. They likewise alleged that filing and service of the original petition constituted a "charging" of nineteen percent interest; that the rate charged was more than double the six percent allowed under article 5069–1.03; and, that they were therefore entitled to the special penalties provided in article 5069–1.06. The trial court granted Diamond Geophysical summary judgment on the note and denied the usury counterclaim. The court of appeals affirmed on the sole basis that as a matter of law a superseded pleading is not a "charging" of interest. 663 S.W.2d 68. Petroscience and its guarantors seek a writ of error, which we refuse, no reversible error. However, we expressly reject the sole reasoning of the court of appeals in affirming the trial court.

One of the grounds Diamond Geophysical also presented to the trial court to support its motion for summary judgment was that under Texas law, when a note specifies a rate of interest before maturity but is silent about any rate after maturity, the prematurity rate is implied as the post-maturity rate. We agree with this statement of Texas law.

This court early wrote that when a note specifies a rate of interest before maturity, but is silent about any rate after maturity, the law implies that the pre-maturity rate continues after maturity. *Roberts v. Smith*, 64 Tex. 94 (1885); *Hopkins v. Crittendon*, 10 Tex. 189 (1853); *see also Linz v. Eastland County*, 39 S.W.2d 599 (Tex. Comm'n App.1931, holding approved). In-

---

1. At the time, a legal rate.

2. All statutory references are to the Texas Revised Civil Statutes Annotated, including 1982 supplements.

dependent reviews of Texas law have stated this to be the Texas rule. *Cromwell v. County of Sac,* 96 U.S. 51, 61, 24 L.Ed. 681 (1878); 45 Am.Jur.2d *Interest and Usury* § 69, at 63–64 & n. 20 (1969); 47 C.J.S. *Interest & Usury* § 40(b), at 101 n. 92 (1982). Since the implication of interest after maturity is apparently the Texas rule, it is consistent with the Texas policy of giving a reasonable construction to a note that avoids usury, to hold that the pre-maturity rate is implied as the post-maturity rate. *Cf. Wall v. East Texas Teachers Credit Union,* 533 S.W.2d 918, 921 (Tex. 1976). The present statutory scheme does not alter the acknowledged Texas rule. This court recently considered virtually the same question presented here. *Fort Motor Credit Co. v. Long,* 608 S.W.2d 293 (Tex. Civ.App.—Beaumont 1980, writ ref'd n.r. e.). In *Long,* by refusing the application for writ of error with the notation, "no reversible error," we approved the court of appeals' holding that the pre-maturity rate was implied after maturity, and necessarily rejected Long's construction of the statute. We find no material distinction between the present case and *Long.*

Since the trial court's summary judgment may properly be upheld on an alternative ground expressly presented to the trial court, we refuse the application for writ of error, no reversible error. Tex.R.Civ.P. 483.