Billy RICHARDSON, Appellee,

v.

MISSOURI PACIFIC RAILROAD
COMPANY, Appellant.

No. 81–1434.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1981.

Decided May 11, 1982.

Herschel H. Friday, James M. Simpson, Friday, Eldredge & Clark, Little Rock, Ark., for appellant.

Edward O. Moody, Overbey, Moody & Peace, Little Rock, Ark., for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and FILIPPINE,* District Judge.

McMILLIAN, Circuit Judge.

Missouri Pacific Railroad Co. (MOPAC) appeals from a jury verdict entered in the District Court for the Eastern District of Arkansas finding it liable under the Federal Employers' Liability Act (Act), 45 U.S.C. § 51 *et seq.*, for personal injuries sustained by its employee Billy Richardson in an automobile accident.[1] The accident occurred while Richardson was returning to work following a "layover" at the Sands Motel in an automobile driven by a Sands Motel employee. MOPAC's motions for summary judgment and judgment notwithstanding the verdict were denied. MOPAC appeals, assigning as error the denial of these motions on the basis that Richardson failed to establish a *prima facie* case that the Sands Motel employee was negligent.[2] We reverse and direct entry of judgment notwithstanding the verdict.

At the time of the accident, Richardson was employed by MOPAC as a fireman. On January 21, 1980, the day before the accident, Richardson traveled from Little Rock, Arkansas, to Texarkana, Arkansas, on a freight run. Pursuant to his employment agreement, Richardson was entitled to a minimum eight-hour layover before making the return run to Little Rock. Richardson and Pat McRae, a fellow employee, spent their layover at the Sands Motel. The motel was located approximately one and one-half miles from the Texarkana depot and provided limousine service for its patrons. According to the testimony, MOPAC would reimburse the motels in the Texarkana area for the lodging expenses of its employees subject to the layover provision.

On January 22, 1980, approximately sixteen hours after their arrival at the Sands Motel, Richardson and McRae were called back to work by MOPAC. The Sands provided a stationwagon and a driver to return them to the Texarkana depot. McRae sat in the front seat on the passenger's side and Richardson sat in the middle seat on the passenger's side. The Sands Motel automobile was proceeding down Seventh Street, a one way street controlled by flashing yellow lights. As the automobile was crossing the intersection of Seventh and Spruce Streets, it was hit in the right rear by a second automobile which had run the flashing red lights controlling Spruce Street.[3] Richardson was the only person injured in the accident.

Subsequent to the accident McRae signed an affidavit prepared by a MOPAC claims person stating, "[t]he driver of the Sands

* The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The jury awarded Richardson $10,000 for his injuries.

2. MOPAC also argued that there was no evidence that the Sands Motel employee was its agent under the Act. However, in view of our holding, we do not reach this issue.

3. The accident report was not part of the record and the parties' descriptions of the accident are sketchy. However, both parties agree that the cause of the accident was the failure of the driver of the second automobile to stop at the flashing red lights before entering the intersection.

Motel vehicle was in control of the station wagon in which we were riding. There was no indication until just before impact that the other car was going to pass through the flashing red light and hit us." *Richardson v. Missouri Pacific R. R.,* No. LR–CIV–80–360 (E.D.Ark. Feb. 10, 1981) (Plaintiff's Exhibit 3). McRae also stated that at the time of the accident the Sands automobile was traveling "about twenty-five to thirty miles per hour." *Id.* MOPAC then moved for a summary judgment because no negligence on the part of the Sands Motel driver had been shown. The motion was denied.

At trial Richardson testified that he did not notice in what direction the driver of the Sands Motel automobile was looking at the time of the accident. *Id.,* transcript at 12. He also testified that he first became aware of the impending collision when he heard McRae shout "look out." *Id.* at 11. Richardson's testimony was contradictory whether he moved to the left side of the seat after McRae's warning, or whether the impact of the crash "knocked" him "back against the other side then." *Id.* at 11–12. Richardson further testified that the accident was caused by "somebody running a red light." *Id.* at 46.

McRae testified that the driver of the Sands Motel automobile had been observant, *id.* at 59, and that McRae did not think the Sands Motel driver could have avoided the accident. *Id.* at 66. McRae further testified that the crash was "almost simultaneous" with his warning shout. *Id.* at 67.

The driver of the Sands Motel automobile and the driver of the second automobile did not testify at trial. In addition, no accident reports or eyewitnesses were introduced. Therefore, the question before us is whether, based on McRae's and Richardson's testimony, the district court properly submitted the matter to the jury.

█ The Act makes a common carrier engaged in interstate commerce "liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier." 45

U.S.C. § 51. Under the Act, the railroad will be liable if its or its agent's negligence played any part, even the slightest, in producing the employee's injury. *Rogers v. Missouri Pacific R. R.,* 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). However, to recover under the Act, a plaintiff must still prove that the employer or its agent was negligent. *Tennant v. Peoria & Pekin Union Ry.,* 321 U.S. 29, 32, 64 S.Ct. 409, 411, 88 L.Ed. 520 (1944); *Davis v. Burlington Northern, Inc.,* 541 F.2d 182, 185 (8th Cir.), *cert. denied,* 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976); *Chicago Great Western Ry. v. Casura,* 234 F.2d 441, 447 (8th Cir. 1956). "In this respect, a plaintiff's prima facie case under the Act must include all the same elements as are found in a common law negligence action." *Davis v. Burlington Northern, Inc.,* 541 F.2d at 185, *citing McGivern v. Northern Pacific Ry.,* 132 F.2d 213, 217 (8th Cir. 1942).

Therefore, in order to recover, the plaintiff must prove that the railroad or its agent could have reasonably foreseen that a particular condition could cause injury. *Gallick v. Baltimore & Ohio R. R.,* 372 U.S. 108, 117, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963); *Inman v. Baltimore & Ohio R. R.,* 361 U.S. 138, 140, 80 S.Ct. 242, 243, 4 L.Ed.2d 198 (1959). "The defendant's duty is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under like circumstances." *Davis v. Burlington Northern, Inc.,* 541 F.2d at 185, *citing Gallick v. Baltimore & Ohio R. R.,* 372 U.S. at 118, 83 S.Ct. at 666.

█ With these principles in mind, we examine the evidence in the light most favorable to sustaining the jury's verdict and give the prevailing party the benefit of all reasonable inferences which may be drawn from the evidence. *Hannah v. Haskins,* 612 F.2d 373, 376 (8th Cir. 1980); *Banks v. Koehring,* 538 F.2d 176, 178 (8th Cir. 1976). Judgment notwithstanding the verdict must be granted if the evidence, so viewed, was such that reasonable men could not differ as to the conclusion that the plaintiff's proof had failed to meet its burden as to an

essential element of the cause of action. *Davis v. Burlington Northern, Inc.*, 541 F.2d at 186; *Linn v. Garcia*, 531 F.2d 855, 858 (8th Cir. 1976).

Richardson, while conceding that the accident was caused by the second driver running the red light, argues that the Sands Motel driver was negligent in not attempting to avoid the accident. To recover under this argument Richardson must establish that the Sands Motel driver could have reasonably foreseen that the second driver would run the red light and could have taken steps to prevent the collision. We conclude that Richardson failed to adduce sufficient evidence to warrant submitting the issue to the jury.

McRae, who was observing the driver, unequivocally testified that he did not think that the Sands Motel driver could have avoided the accident, *Richardson v. Missouri Pacific R. R.*, transcript at 65–66, and that there was no indication until just before impact that the other was going to pass through the flashing red light. *Id.* at 64. He further testified that the impact and his warning were "almost simultaneous."

Richardson did not introduce any evidence to rebut McRae's testimony. Richardson admitted that he was not observing the Sands Motel driver at the time of the accident, *id.* at 12, and that he was unable to estimate the speed at which the automobile was traveling. *Id.* at 13–14. Richardson did not testify as to the time interval between McRae's warning and the crash except to state that he "got over to the left side of the car to keep from getting full impact." *Id.* at 11. However, that testimony is controverted by his subsequent statement that he "got to the [left] side of the car because it [the impact] knocked me back against the other side then." *Id.* at 12.

The fact that the accident occurred does not lead to the conclusion that the Sands Motel driver was negligent in failing to avoid the impact. It was incumbent upon Richardson to adduce evidence establishing that the Sands Motel driver could have reasonably foreseen that the second automobile would run the red light and thereafter (in safety to himself and others in his automobile and with the means and appliances on hand) could have taken steps to prevent the accident. In view of Richardson's failure to adduce such evidence, we conclude that the district court should have granted MO-PAC's motion for judgment notwithstanding the verdict.

The judgment of the district court is reversed and the case is remanded with directions to enter judgment notwithstanding the verdict.