UNION PACIFIC RAILROAD
COMPANY, Petitioner,

v.

Seymore WILLIAMS, Respondent.

No. 01–0231.

Supreme Court of Texas.

Argued Jan. 9, 2002.

Decided June 6, 2002.

Rehearing Denied Aug. 22, 2002.

Cathleen C. Herasimchuk, Rusty Hardin & Associates, Kim E. Whittington, Norma G. Davenport, General Solicitor, Fred Stuart Wilson, Union Pacific Railroad Company, Houston, for Petitioner.

Mark T. Berry, Jones & Granger, David A. Furlow, Thompson & Knight LLP, Houston, for Respondent.

Justice BAKER delivered the opinion of the Court.

Seymour Williams, a former employee with Union Pacific Railroad Company, brought a Federal Employers' Liability Act (FELA) claim against Union Pacific based on an injury Williams suffered at a train derailment site. *See* 45 U.S.C. § 51. The issue is whether the trial court erred in refusing to submit Union Pacific's proposed foreseeability instruction in the jury charge. The jury held for Williams, and the trial court rendered judgment on the verdict. The court of appeals affirmed and held that the trial court properly refused Union Pacific's proposed instruction because it confused foreseeability with causation. 85 S.W.3d 300, 307. The court of appeals explained that the proposed instruction would have improperly required the jury to consider whether Union Pacific proximately caused Williams' injury. 85 S.W.3d at 307.

We disagree that Union Pacific's proposed instruction confused foreseeability with causation. Rather, we conclude that the proposed instruction relates to Union Pacific's duty to Williams to use reasonable care at the derailment site. Because there is disputed evidence about whether

Union Pacific knew or should have known the train derailment site created a dangerous situation that could result in Williams' injury, the trial court should have submitted a foreseeability instruction as it related to Union Pacific's duty. Furthermore, we conclude that Union Pacific preserved error because it requested a substantially correct instruction. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

## I. BACKGROUND

Williams worked at a train derailment site for Union Pacific. A company Union Pacific hired to clean up derailments dragged a derailed train "hopper" car across railroad tracks. Williams and other Union Pacific employees stood somewhere between twenty and seventy feet away from the tracks. The train car was pulled over a signal mast. The resulting pressure caused a metal rain cap covering the signal mast to fly through the air and hit Williams in the back.

Williams filed a FELA suit against Union Pacific. FELA imposes liability on railroads for injuries to their employees "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances ... or other equipment." 45 U.S.C. § 51.

During trial, several Union Pacific employees testified about the potential danger at the derailment site. For example, William Foehrs, a foreman at the site, testified that the derailment site was a dangerous place and that he had seen objects fly through the air at other derailment sites. Charles Butler, Union Pacific's track foreman, testified that dragging a train car onto a rail could cause a rain cap on a track signal mast to explode off

the mast if it is pinned underneath the car. Dale Pecaut, Track Maintenance Director, conceded that an employee working around twenty feet away from a derailment site with his back turned to the track would be too close "when you're moving a car that has an object underneath it such as a signal mast." Pecaut also testified that he had seen cables break at derailment sites from the pressure of cars dragged over them and that snapped cables are dangerous. And Pecaut acknowledged that hazardous materials are not the only danger at a derailment site. Finally, Phillip Shafer, Track Maintenance Manager, testified that there is always potential hazard at a derailment site "regardless of how much job briefing or how much safety you talk."

In contrast, some Union Pacific employees also testified that a derailment site is not ordinarily dangerous under the conditions existing when Williams sustained his injuries. Kerry Trease, a Division Manager, testified that he never saw anything unsafe at the derailment site. Though Butler admitted a signal mast could fly off, as it did here, he also testified that no danger existed at the distance that Williams and the other employees stood from the derailed car. Butler testified that track employees had to move roughly 100 yards away from the tracks only when a hazardous-materials car was being re-railed. Patrick Davis and Ronnie Richardson, Union Pacific trackmen, similarly testified that Union Pacific had different safety rules for normal or "hopper" rail cars and hazardous materials cars. On the incident in occasion, both Davis and Richardson stated that the employees, including Williams, stood at the proper safety distance from where the hopper car was being re-railed. Additionally, though Pecaut testified that he had seen cables break at a derailment site, he had never seen objects

fly through the air. He further testified that he had never seen an employee injured during a derailment cleanup. Richardson similarly testified that he had never seen an incident like the one that injured Williams.

Based on the testimony at trial, Union Pacific argued that whether Union Pacific knew or should have known that objects could fly through the air at the derailment site and result in injuries was disputed. Consequently, Union Pacific requested an instruction to require the jury to consider whether Union Pacific knew or should have known that the derailment site created a dangerous condition. The proposed instruction stated:

> Before you may find a railroad liable for an injury of an employee resulting from a defective condition in equipment or his place of work, you must be satisfied that the railroad had either actual or constructive notice of the defective condition and that it had a reasonable opportunity to remove or repair the defect before the occurrence involved in this action.

The trial court refused Union Pacific's proposed instruction. Instead, the trial court submitted an instruction defining negligence based on the Fifth Circuit Court of Appeals' Pattern Jury Charge, which this Court approved in *Mitchell v. Missouri–Kansas–Texas R.R. Co.*, 786 S.W.2d 659, 662–63 (Tex.1990). The instruction states:

> Negligence is the failure to use reasonable care. "Reasonable care" is that degree of care that a reasonably careful person would use under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or not doing something that a reason-

ably careful person would do under like circumstances.

Thus, the charge did not instruct the jury to consider whether Union Pacific could foresee the dangerous condition for purposes of imposing a duty in this case.

The jury found Union Pacific liable and awarded Williams $454,000 in damages. The trial court rendered judgment on the verdict for Williams. Union Pacific appealed, arguing that the trial court erred in refusing to submit its proposed foreseeability instruction. The court of appeals affirmed the trial court's judgment. The court of appeals held that the trial court properly refused Union Pacific's proposed instruction, because it would have caused confusion, would not have assisted the jury, and did not accurately state the law. 85 S.W.3d at 307. The court of appeals also determined that Union Pacific's proposed instruction was inappropriate, because it resembled an instruction that this Court disapproved in *Mitchell*. 85 S.W.3d at 307.

We granted Union Pacific's petition for review to determine: (1) whether Union Pacific was entitled to a jury instruction on foreseeability as it relates to duty; and (2) if so, whether Union Pacific preserved its complaint that the trial court erred in refusing to submit Union Pacific's proposed instruction.

## II. APPLICABLE LAW

### A. FORESEEABILITY AS AN ELEMENT OF DUTY

■ Under FELA, railroads that engage in interstate commerce are liable in damages to their employees for injury or death resulting in whole or in part from the negligence of the railroad's employees or defects in its equipment. 45 U.S.C. § 51. To prevail on a FELA claim, a

plaintiff must show that the defendant railroad did not use reasonable care under the circumstances. *See Davis v. Burlington Northern, Inc.,* 541 F.2d 182, 185 (8th Cir. 1976).

A railroad is not an absolute insurer against the injuries its employees suffer. *Wilkerson v. McCarthy,* 336 U.S. 53, 61, 69 S.Ct. 413, 93 L.Ed. 497 (1949). The standard of care that a railroad must meet "must be commensurate to the dangers of the business." *Wilkerson,* 336 U.S. at 61, 69 S.Ct. 413 (quoting *Tiller v. Atlantic Coast Line R.R. Co.,* 318 U.S. 54, 67, 63 S.Ct. 444, 87 L.Ed. 610 (1943)). Thus, an "essential ingredient" of the defendant's duty to use reasonable care is whether the railroad could have reasonably foreseen a harm. *See Gallick v. Baltimore & Ohio R.R. Co.,* 372 U.S. 108, 117–18, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); *see also Urie v. Thompson,* 337 U.S. 163, 178, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). The defendant's duty is "measured by what a reasonably prudent person would anticipate as resulting from a particular condition." *Gallick,* 372 U.S. at 118, 83 S.Ct. 659.

In other words, a FELA plaintiff must show that the railroad "with the exercise of due care, could have reasonably foreseen that a particular condition could cause injury." *Armstrong v. Kansas City S. Ry. Co.,* 752 F.2d 1110, 1113 (5th Cir. 1985) (quoting *Gallick,* 372 U.S. at 117, 83 S.Ct. 659). The test is whether the railroad was or should have been aware of conditions which created a likelihood that the employee would suffer the type of injury he did. *Rogers v. Missouri Pac. R.R. Co.,* 352 U.S. 500, 503, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *see also Ringhiser v. Chesapeake & Ohio Ry. Co.,* 354 U.S. 901, 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268 (1957) (per curiam).

We have held that whether a legal duty exists, including the foreseeability element, is typically a legal question. *Mitchell,* 786 S.W.2d at 662. However, if the essential facts about foreseeability as an element of the railroad's duty are disputed, the question is a fact issue for the jury. *Mitchell,* 786 S.W.2d at 662. Evidence is disputed when it "does not conclusively establish the pertinent facts or the reasonable inferences to be drawn" from those facts. *Mitchell,* 786 S.W.2d at 662 (quoting *Bennett v. Span Indus., Inc.,* 628 S.W.2d 470, 474 (Tex.App.-Texarkana 1981, writ ref'd n.r.e.)).

**B. JURY CHARGE**

A trial court must submit "such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX.R. CIV. P. 277. A party is entitled to a jury question, instruction, or definition if the pleadings and evidence raise an issue. TEX.R. CIV. P. 278. An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. TEX.R. CIV. P. 278; *see also Texas Workers' Comp. Ins. Fund v. Mandlbauer,* 34 S.W.3d 909, 912 (Tex.2000). "Failure to submit [an instruction] shall not be deemed a ground for reversal of the judgment unless a substantially correct [instruction] has been requested in writing and tendered by the party complaining of the judgment." TEX.R. CIV. P. 278; *see also Knoll v. Neblett,* 966 S.W.2d 622, 638 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). A trial court's error in refusing an instruction is reversible if it "probably caused the rendition of an improper judgment." TEX. R.APP. P. 61.1(a).

**III. ANALYSIS**

**A. THE PARTIES' ARGUMENTS**

Union Pacific contends that the evidence is disputed about whether it knew

or should have known that the train derailment site created a dangerous condition that could result in Williams' injury. Consequently, Union Pacific argues, the trial court should have submitted the proposed instruction that the railroad is negligent only if it knew or should have known that a dangerous condition might result in Williams' injury. Furthermore, Union Pacific urges that this Court overrule *Mitchell* to the extent that it prevents a defendant from requesting a foreseeability instruction when there is disputed evidence about this element of duty. Union Pacific asserts that it preserved its objection to the trial court's ruling, because Union Pacific tendered the instruction to the trial court in writing and in substantially correct form.

In response, Williams urges that the undisputed evidence shows Union Pacific knew about dangerous conditions at the derailment site that could cause objects to fly into the air. Williams argues that FELA does not require that a railroad foresee the exact sequence of events that produced an injury but, rather, only the general dangerous conditions at the site that could result in an injury. Thus, Williams argues, the trial court had the discretion to conclude, as a matter of law, that Union Pacific owed a duty to Williams to avoid or correct the dangerous conditions at the derailment site. Furthermore, Williams contends that the trial court submitted jury instructions that this Court previously approved. *See Mitchell*, 786 S.W.2d at 662.

Williams further asserts that, even if the trial court should have submitted a foreseeability instruction, Union Pacific waived charge error because it did not submit a substantially correct instruction. Specifically, Williams points to Union Pacific's proposed instruction stating that the jury "must be satisfied" that Union Pacific

knew or should have known about a dangerous condition. Williams contends that Texas law rejects "must be satisfied" instructions, because they require a higher burden of proof than a "preponderance of the evidence" standard.

## B. FORESEEABILITY AS AN ELEMENT OF DUTY

In *Mitchell*, this Court considered whether a trial court erred in submitting a foreseeability instruction in a FELA case. 786 S.W.2d at 662. In that case, Mitchell sued his employer, the Missouri–Kansas–Texas Railroad (M–K–T), for damages arising from injuries he received after he slipped on ice that formed on a locomotive engine's steps and grab-irons. *Mitchell*, 786 S.W.2d at 660. The jury charge asked: "Whose negligence, if any, was a cause, in whole or in part, however slight, of the occurrence of January 21, 1984 which has been made the basis of this suit?" *Mitchell*, 786 S.W.2d at 660. Mitchell objected to the following instruction in the jury charge about M–K–T's alleged negligence:

In answering this issue, you are instructed that, before negligence, if any, can be established against the Defendant, Railroad, it must be shown that the Defendant Railroad, through its officers, agents and/or employees, knew, or, in the exercise of ordinary care, should have known of an unsafe condition, if any.

*Mitchell*, 786 S.W.2d at 660. Mitchell argued that this instruction improperly placed the foreseeability issue before the jury.

This Court concluded that the trial court's instruction forced Mitchell to prove foreseeability in order to establish causation. *Mitchell*, 786 S.W.2d at 661. The Court explained that FELA does not require a railroad employee to prove com-

mon-law proximate cause. *Mitchell*, 786 S.W.2d at 661–62. Rather, FELA only requires a plaintiff to prove that "the railroad's negligence played any part, even in the slightest, in producing the injury . . . for which damages are sought." *Mitchell*, 786 S.W.2d at 661. Therefore, the Court held that the instruction violated Mitchell's substantive rights under FELA. *Mitchell*, 786 S.W.2d at 662.

After concluding that the instruction improperly forced Mitchell to prove proximate cause, the Court discussed foreseeability as an element of duty. The Court noted that "[t]he central question for our determination is whether, under the facts of this case, the court or the finder of fact should decide whether the risk was sufficiently foreseeable *to impose a duty on the* defendant." *Mitchell*, 786 S.W.2d at 661. The Court determined that, when there is conflicting evidence about whether the railroad knew or should have known about the dangerous condition, this is "the type of issue which is properly and best resolved by the finder of fact." *Mitchell*, 786 S.W.2d at 662. Nevertheless, the Court concluded the trial court's instruction was harmful error because it "confused the issue of foreseeability relating to duty with the concept of causation." *Mitchell*, 786 S.W.2d at 662.

Notably, the Court did not explain why the instruction in *Mitchell* confused causation with foreseeability as it relates to duty. Nor did it explain how the instruction required the plaintiff to prove proximate cause. Instead, the Court approved the Fifth Circuit's Pattern Jury Instruction for FELA claims—which is the same today as it was in *Mitchell*—even though that instruction does not discuss foreseeability as it relates to the railroad's duty. *See Mitchell*, 786 S.W.2d at 662; FIFTH CIRCUIT CIVIL JURY INSTRUCTIONS ¶ 5.1 (1999). The Court approved the Fifth Cir-

cuit's FELA pattern jury instruction, because it *"does not place the issue of duty before the jury."* *Mitchell*, 786 S.W.2d at 663 (emphasis added). Incongruously, the Court further observed that the Fifth Circuit's Pattern Jury Instructions *"will allow the jury to decide disputed facts relating to the employer's knowledge,* will allow the court to decide the legal question of duty, and will prevent the jury from regarding a finding of foreseeability as a prerequisite to its answering the causation issue affirmatively." *Mitchell*, 786 S.W.2d at 663 (emphasis added).

■ Today, we reaffirm *Mitchell's* discussion about causation in FELA cases. *See Mitchell*, 786 S.W.2d at 660–61. Under FELA, a defendant is liable if its negligence plays any part, however slight, in causing the injury. 45 U.S.C. § 51; *see also Rogers*, 352 U.S. at 506, 77 S.Ct. 443. Moreover, we reaffirm *Mitchell's* recognizing that, if the evidence about foreseeability as it relates to the railroad's duty is disputed, then the jury must determine whether the railroad knew or should have known about a dangerous condition that could result in the employee's injury. *Mitchell*, 786 S.W.2d at 662 (citing *Bennett*, 628 S.W.2d at 474).

However, we do not agree that the *Mitchell* Court correctly applied the law to the facts when it held that the foreseeability instruction was erroneous. Despite recognizing that the jury should resolve factual disputes about the railroad's knowledge as it relates to the railroad's duty, the *Mitchell* Court rejected an instruction that informed the jury to consider whether the railroad knew or should have known about the dangerous condition. The Court did not explain how the foreseeability instruction used in that case confused duty and causation, and we disagree that it did so. And, when the Court approved the Fifth Circuit's Pattern Jury Instruction

that does not mention foreseeability, the Court did not explain how the jury could decide whether the railroad knew or should have known without a foreseeability instruction. The Fifth Circuit's pattern instruction correctly instructs the jury, but only when the railroad's actual or constructive knowledge about the dangerous condition is undisputed.

Accordingly, we overrule *Mitchell* to the extent that it rejected a foreseeability instruction when the evidence about that element of the railroad's duty was disputed. We also overrule *Mitchell* to the extent that it approved the Fifth Circuit's pattern instruction, even though the railroad's knowledge was disputed, on the erroneous basis that "it does not place the issue of duty before the jury." *See Mitchell,* 786 S.W.2d at 663. We hold today that, when the evidence about foreseeability as it relates to the railroad's duty is disputed, the trial court should instruct the jury about this element so it can resolve the factual issue.

Here, there is no serious dispute that a derailment site, by its very nature, could be potentially hazardous in a general sense. But, because a railroad is not an absolute insurer of workplace safety, something more than a generalized threat is necessary to show foreseeability as it relates to the railroad's duty. *Wilkerson,* 336 U.S. at 61, 69 S.Ct. 413. Rather, the question is whether Union Pacific knew or should have known that derailment site conditions created a likelihood that Williams would suffer the type of injury he did. *See Rogers,* 352 U.S. at 503, 77 S.Ct. 443; *see also Ringhiser,* 354 U.S. at 901, 77 S.Ct. 1093; *Armstrong,* 752 F.2d at 1113.

There is conflicting evidence about whether Union Pacific had actual or constructive knowledge that the derailment site created a dangerous condition that could result in Williams' injury. As we described above, several Union Pacific employees gave conflicting testimony about whether Union Pacific knew or should have known that a derailment site may cause a condition that could injure employees. Some employees testified that they regularly saw objects fly through the air at derailment sites and that it was unsafe for the employees to stand near tracks when train cars are re-railed. Other employees stated that objects had never flown in the air at a derailment site and that the site was safe.

We conclude that this conflicting evidence demonstrates that the evidence about Union Pacific's knowledge as an element of duty was disputed. Consequently, the trial court should have submitted a foreseeability instruction to the jury.

## C. JURY CHARGE

Although we conclude that the trial court should have submitted a foreseeability instruction as it relates to Union Pacific's duty, we must still determine whether Union Pacific preserved error on its jury charge complaint. Under our procedural rules, a party must submit a written, "substantially correct" instruction to the trial court to complain on appeal that the trial court erroneously refused the instruction. TEX.R. CIV. P. 278.

■ Here, Union Pacific submitted a written proposed instruction advising the jury that "you must be satisfied" that Union Pacific had knowledge about the dangerous condition. Williams argues that Union Pacific did not propose a "substantially correct" instruction, because Texas courts have consistently held that a jury charge's using the word "satisfy" to express the burden of proof is erroneous. This is because, in Texas, the term "satisfy" overstates the plaintiff's burden of

proof—preponderance of the evidence—in ordinary civil cases. *See, e.g., Ellis County State Bank v. Keever,* 888 S.W.2d 790, 792 (Tex.1994); *Reinhardt v. Nehring,* 291 S.W. 873, 875–76 (Tex. Comm'n App.1927, holding approved); *Houston & T.C.R. Co. v. Buchanan,* 38 Tex.Civ.App. 165, 84 S.W. 1073, 1076 (1905, no writ).

■ We conclude that Union Pacific's proposed instruction was substantially correct. State courts trying FELA claims must apply federal law about burdens of proof. *See, e.g., New Orleans & Northeastern R.R. Co. v. Harris,* 247 U.S. 367, 370–72, 38 S.Ct. 535, 62 L.Ed. 1167 (1918); *Dice v. Akron, Canton, & Youngstown R.R. Co.,* 342 U.S. 359, 361, 72 S.Ct. 312, 96 L.Ed. 398 (1952) ("[O]nly if federal law controls can the federal act be given that uniform application throughout the country essential to effectuate its purposes."); *Dutton v. Southern Pac. Transp.,* 576 S.W.2d 782, 786 (Tex.1978). Contrary to Texas law, federal law provides that "you must be satisfied" expresses the same burden of proof standard as "preponderance of the evidence." *See, e.g., Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 22 n. 11, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); *Sloss–Sheffield Steel & Iron Co. v. Drane,* 160 F. 780, 790 (5th Cir.1908). *Cf. Keever,* 888 S.W.2d at 792; *Reinhardt,* 291 S.W. at 875–76; *Buchanan,* 84 S.W. at 1076. Accordingly, Union Pacific's request preserved error on its jury charge complaint, because the request was substantially correct.

■ Next, we must determine whether the trial court's error is reversible. A trial court's error in refusing an instruction is reversible if it "probably caused the rendition of an improper judgment." Tex. R.App. P. 61.1(a). Here, the evidence was disputed that Union Pacific knew or should have known the derailment site created a dangerous condition that could injure em-

ployees. A jury instruction about foreseeability would have enabled the jury to determine whether Union Pacific owed a duty to Williams to use reasonable care at the derailment site. Without the instruction, the jury made a liability finding without first determining whether Union Pacific owed a duty to Williams. We cannot assume the jury considered evidence about the railroad's knowledge without the instruction. Indeed, the trial court specifically instructed the jury to disregard evidence about whether it is foreseeable that railroad workers might suffer injuries at derailment sites. In response to Union Pacific's question about whether employees had suffered injuries at a derailment cleanup site, one Union Pacific employee testified that no worker had ever been injured. The trial court overruled Williams' objection to Union Pacific's question, but after the employee testified, the trial court withdrew its ruling. The trial court stated to the jury during trial:

> The question was asked of the witness if he had ever heard of a prior incident, as I understand it, involving a cleanup. The law in FELA cases *does not include the element of foreseeability,* therefore the objection is sustained, and I withdraw my prior ruling. You will disregard the question and answer.

(emphasis added). Williams argues that Union Pacific failed to timely object to the trial court's statement. But we need not determine if Union Pacific waived error. Rather, we point to the trial court's admonition that foreseeability was not an element of a FELA claim, because this statement demonstrates the jury could not have considered foreseeability as it related to Union Pacific's duty without an instruction in the charge. This occurred even though the evidence about foreseeability in this case was disputed. This disregards the United States Supreme Court's recogniz-

ing that whether the railroad could have reasonably foreseen harm is an "essential ingredient" of the railroad's duty to use reasonable care. *See Gallick*, 372 U.S. at 117–18, 83 S.Ct. 659. Therefore, the instruction's absence from the jury charge probably caused the rendition of an improper judgment. Accordingly, we conclude that the trial court's error was reversible. *See* Tex.R.App. P. 61.1(a).

In remanding this case to the trial court, we recognize *Mitchell* provided no guidance about how to submit a substantially correct jury instruction in the duty context. The Eighth Circuit Court of Appeals provides a substantially correct instruction in FELA cases when the parties dispute whether a railroad knew or should have known that a condition could cause harm, thereby requiring the railroad to use reasonable care. The Eighth Circuit's instruction states:

> The term "negligent" or "negligence" as used in these Instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful person would use under the same or similar circumstances. [The degree of care used by an ordinarily careful person depends upon the circumstances which are known or should be known and varies in proportion to the harm that person reasonably should foresee. In deciding whether a person was negligent or failed to use ordinary care you may consider what that person knew or should have known and the harm that should reasonably have been foreseen.]

Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit ¶ 7.11 (2001).

## IV. CONCLUSION

We conclude the evidence was disputed about whether Union Pacific knew or should have known about a dangerous condition at the derailment site that could result in the injuries Williams suffered. Because the evidence was disputed, the trial court erred when it refused Union Pacific's proposed foreseeability instruction. Furthermore, we conclude that Union Pacific properly preserved the error for appellate review. Finally, we conclude that the trial court's error was reversible, because it probably caused the trial court to render an improper judgment. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.