Affirmed and Memorandum Opinion filed May 10, 2007








Affirmed
and Memorandum Opinion filed May 10, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00101-CV

_______________

 

HERMELINDA CRUZ, Appellant

 

V.

 

VIRGIE HOLLEMAN, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF FRED HOLLEMAN, Appellee

                                                                                                                                               


On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 04-20332

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this joint venture dispute,
Hermelinda Cruz appeals from a judgment in favor of Virgie Holleman on the
ground that the trial court erred by failing to submit a question to the jury
on her usury claim because it was properly raised by the pleadings and the
evidence in the case.  We affirm. 








A party is entitled to a jury
question if the pleadings and evidence raise the issue.  Tex. R. Civ. P. 278; Union Pac. R.R.
Co. v. Williams, 85 S.W.3d 162, 166 (Tex. 2002).  Contracts for usurious
interest are contrary to public policy and prohibited by the Texas Constitution
and Texas Finance Code.  See Tex.
Const. art. XVI, ' 11; Tex. Fin. Code
Ann. '' 302.001(b), 305.001‑.008 (Vernon 2006).  Usurious interest is
compensation for the use, forbearance, or detention of money that exceeds the
applicable maximum amount allowed by law. Tex.
Fin. Code Ann. ' 301.002(a)(4), (a)(17) (Vernon 2006).  A usurious
transaction thus consists of: (1) a loan of money; (2) an absolute obligation
to repay the principal; and (3) the exaction of greater compensation than is
allowed by law for the borrower's use of the money.  First Bank v. Tony=s Tortilla Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994).

When an alleged usurious contract, by
its terms, construed as a whole, is doubtful or even susceptible of more than
one reasonable construction, the court should adopt the construction which
comports with legality.  Smart v. Tower Land &  Inv. Co., 597 S.W.2d
333, 340‑41 (Tex. 1980).  A contract to pay a fixed charge for an
uncertain period of time based upon a contingency recited in the contract is
not usurious merely because there was a possibility that more than legal
interest might be paid.  W.E. Grace Mfg. Co. v. Levin, 506 S.W.2d 580,
584 (Tex. 1974).

In this case, Cruz intended to buy
and remodel a house, then resell it for a profit.  On December 6, 2000, she
entered into an agreement with Holleman=s deceased husband to borrow the
necessary funds.  The agreement, which Cruz drafted, stated the following:

Mr. Holl[e]man agrees to lend Ms.
Cruz money for the purchase of property, providing that upon resale of the
property, he receives the sum of $5,000.00 in addition to the sum of the
loan.  There are no limits on the amount that can be borrowed. (Emphasis
added).








In addition to not limiting or
specifying how much money Cruz would borrow,[1]
this agreement does not include a deadline for repayment other than upon the
eventual resale of the property.  Nor does the agreement impose any rate of
interest on the amount borrowed to purchase the property.  Cruz claims that the
agreement charges usurious interest in excess of 18% per annum because she
could have been required to pay $5,000 in addition to the $23,351.14 she
borrowed within one year.  However, even though the house might have been sold
within one year, it actually took Cruz almost four years to fix the house up
and sell it.  Under these circumstances, the agreement was not a contract to
pay more than the legal rate of interest.[2]
Because Cruz has thus not shown that she was entitled to a jury question on
usury, her sole issue is overruled, and the judgment of the trial court is
affirmed.

 

 

 

 

/s/        Richard H. Edelman

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed May 10, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore. (Seymore, J., concurs in the result only).









[1]           Although the parties to the agreement did
not specify how much money Cruz borrowedwasborrowing, the  evidence record
reflects suggests thatMr. Holleman loaned her $23,351.14.





[2]           See W.E. Grace Mfg. Co., 506 S.W.2d
at 584 (holding that contract was not usurious where it required payment of a
fixed charge for an uncertain period of time based on a contingency, even
though there was a possibility that more than the legal interest might be paid
upon an early occurrence of the contingency).