**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-01003-CV

————————————

**MITCHELL CARTER, Appellant**

**V.**

**T. GERALD TREECE, IN HIS CAPACITY AS INDEPENDENT
EXECUTOR OF THE ESTATE OF JOHN O'QUINN, Appellee**

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2009-50892**

---

## MEMORANDUM OPINION

Appellant, Mitchell Carter, challenges the trial court's take-nothing

judgment entered, after a jury trial, in favor of appellee, T. Gerald Treece, in his

capacity as the Independent Executor of the Estate of John M. O'Quinn, in Carter's

suit against O'Quinn for breach of contract. In one issue, Carter contends that the trial court erred in submitting a jury charge that did not include instructions on what constitutes a contractual agreement. We affirm.

## Background

Carter sued O'Quinn, alleging breach of an August 12, 2005 contract for Carter to perform work on a concrete floor in a warehouse owned by JMO Warehouse, Limited. Carter did not serve O'Quinn with citation before O'Quinn's death in November 2009. However, Carter did file a claim in the probate court against the O'Quinn Estate, and Treece, acting as independent executor of the Estate, denied Carter's claim. Carter then amended his petition to name Treece as a defendant. In his answer, Treece disputed that a contract had been entered into. Treece asserted that if a contract existed, Carter had sued the wrong party as it was a limited partnership that owned the warehouse that had retained Carter to paint the concrete floor; Carter had been paid in full for the work performed; and Carter breached the contract, excusing the limited partnership from allowing Carter to perform on the remainder of the contract.

The trial court asked the jury to determine whether O'Quinn had entered into a contractual agreement which was identified as "Plaintiff's Exhibit 1," the "Contract Agreement." The jury answered "no," and the trial court entered a take-nothing judgment in favor of Treece.

## Jury Charge

In his sole issue, Carter argues that the trial court erred in "failing to include instructions [to the jury] about what constitutes a contractual agreement" because, in not including an instruction on the elements of a contract, the trial court allowed the jury "to determine whether the agreement in question met all the elements of a Texas contract," which is a question of law, not a fact issue.

To preserve a complaint premised on a defective jury charge for appellate review, a party must "point out distinctly the objectionable matter and the grounds of the objection." TEX. R. CIV. P. 274. "Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." *Id.* An objection to the jury charge does not satisfy rule 274 unless "the defect relied upon by the objecting party and the grounds of the objection are stated specifically enough to support the conclusion that [the] trial court was fully cognizant of the ground of complaint and deliberately chose to overrule it." *Carousel's Creamery, L.L.C. v. Marble Slab Creamery, Inc.*, 134 S.W.3d 385, 404 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd). If a party fails to lodge an objection to the jury charge that timely and plainly makes the trial court aware of the complaint, error is not preserved and the complaint is waived on appeal. *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 43

3

(Tex. 2007); *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) (op. on reh'g).

However, where a party contends that a trial court improperly omitted an instruction on an issue in the court's charge, the party must do more than object to preserve the issue for appeal, the party must request and tender to the trial court a substantially correct instruction in writing. TEX. R. CIV. P. 278; *Yellow Cab and Baggage Co. v. Green*, 154 Tex. 330, 333, 277 S.W.2d 92, 93 (Tex. 1955). Any error by the trial court in not submitting the instruction to the jury is waived if the party fails to do so. *Mason v. S. Pac. Transp. Co.*, 892 S.W.2d 115, 117 (Tex. App.—Houston [1st Dist.] 1994, writ denied). "Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment." TEX. R. CIV. P. 278.

In all jury trials, a trial court must submit instructions and definitions to properly enable the jury to render a verdict. TEX. R. CIV. P. 277. A valid instruction must: (1) assist the jury, (2) accurately state the law, and (3) find support in the pleadings and evidence. *Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex. 2002). "When a trial court refuses to submit a requested instruction on an issue raised by the pleadings and evidence, the question on appeal is whether the request was reasonably necessary to enable the jury to render a

4

proper verdict." *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006). The omission of an instruction constitutes reversible error only if the omission probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a). Trial courts have considerable discretion in deciding what instructions are necessary and proper in submitting issues to juries; thus, we review such decisions for an abuse of discretion. *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 451–52 (Tex. 1997).

Here, the record does not reflect that Carter requested or tendered a substantially correct instruction that he now argues should have been given to the jury. And Carter did not object to the trial court's question to the jury as to whether O'Quinn had entered into the contract. Even if Carter had preserved the issue for our review, he has not attempted to demonstrate that the omission of such an instruction caused the jury to reach an improper verdict. Accordingly, we conclude that Carter has waived any error on this issue.

We overrule Carter's sole issue.

## Conclusion

We affirm the judgment of the trial court.[1]

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

---

[1] Having overruled Carter's sole issue, we need not address Treece's alternative arguments for affirmance.