NUMBER 13-06-327-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.


FREDERICK DEAN BOSWELL, Appellee.

 


On appeal from the County Court at Law No. 2 


of Travis County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Garza, Benavides, and Vela


Memorandum Opinion by Justice Garza
 

 Texas Department of Public Safety ("DPS") appeals from a final judgment entered
awarding Frederick Dean Boswell damages for personal injuries suffered in an automobile
accident. DPS challenges the trial court's judgment by nineteen issues. By sixteen issues,
DPS claims jury charge error, and by three issues, DPS claims error in the trial court's
failure to reduce the damages award by the amount of settlement between Boswell and
Kathryn Serbanic, error in calculating pre-judgment interest, and error in awarding non-taxable court costs. Because we conclude the trial court erred in failing to submit
Serbanic's negligence and proportionate responsibility to the jury as a responsible third
party, we reverse and remand to the trial court.

I. Background

 Boswell was involved in an automobile accident on February 12, 2002, with
Sargeant Vester Roney, a DPS officer. Roney was on duty when he hit the rear of
Boswell's vehicle as they were stopped at a traffic light. Boswell complained of injury to
his neck.

 On February 22, 2002, as Boswell was leaving the clinic where he had undergone
x-rays of his neck, his vehicle was rear-ended by Kathryn Serbanic. Boswell immediately
returned to the clinic complaining of greater pain to his neck.

 Boswell sued DPS, Roney, and Serbanic alleging the negligence of Roney and
Serbanic proximately caused an indivisible injury. Serbanic settled the claims made
against her prior to trial. Boswell non-suited her from the case on April 16, 2004. On May
27, 2004, more than 60 days prior to trial, DPS and Roney filed a motion for leave to
designate Serbanic as a "Responsible Third Party" pursuant to chapter 33 of the Texas
Civil Practice & Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon
Supp. 2006). (1) Boswell did not object to this motion. 

 The case was tried to a jury. The jury found Roney's negligence proximately caused
the February 12, 2002 collision and awarded damages. The cause was submitted to the
jury in a three question charge. The first question asked, "Did the negligence, if any, of
Vester Roney proximately cause the collision in question?" The jury answered "Yes" to this
question. The second question asked, "What sum of money, if paid now in cash, would
fairly and reasonably compensate Frederick Dean Boswell for his damages, if any, that
resulted from the collision in question?" The jury awarded $5,000 for medical care, $5,000
for physical impairment, and $32,500 for physical pain and mental anguish. The third
question asked, "What is the difference in the market value in Travis County, Texas, of the
vehicle driven by Frederick Dean Boswell immediately before and immediately after the
collision in question?" The jury answered "$525." This appeal ensued.

II. Jury Charge Error

a. Standard of Review

 Jury charge error is reviewed for an abuse of discretion. Owens-Corning Fiberglas
Corp. v. Martin, 942 S.W.2d 712, 721-22 (Tex. App.-Dallas 1997, no writ). To determine
whether an alleged jury charge error is reversible, we consider the parties' pleadings, the
evidence presented at trial, and the charge in its entirety. See Hyundai Motor Co. v.
Rodriguez, 995 S.W.2d 661, 663 (Tex. 1999). The goal of a jury charge is to submit the
issues for decision logically, simply, clearly, fairly, correctly, and completely, and the trial
court has broad discretion in accomplishing that end as long as the charge is legally
correct. Id. at 664. A trial court must submit "such instructions and definitions as shall be
proper to enable the jury to render a verdict." Tex. R. Civ. P. 277; see also Union Pac. R.R.
Co. v. Williams, 85 S.W.3d 162, 166 (Tex. 2002). A party is entitled to a jury question,
instruction, or definition if the pleadings and evidence raise an issue. Williams, 85 S.W.3d
at 166 (citing Tex. R. Civ. P. 278). This is a substantive, non-discretionary directive to trial
courts, requiring them to submit requested questions to the jury if the pleadings and any
evidence support them. Elbaor v. Smith, 845 S.W.2d 240, 243 (Tex. 1992).

 The omission of a proper question from a jury charge is reversible only if it "probably
caused the rendition of an improper judgment." Tex. R. App. P. 44.1(a)(1). Error in the
omission of an issue is harmless "when the findings of the jury in answer to other issues
are sufficient to support the judgment." Shupe v. Lingafelter, 192 S.W.3d 577, 579 (Tex.
2006) (per curiam); (see Boatland of Houston, 609 S.W.2d at 750) (holding that even if
submission was improper, error was harmless); see also City of Brownsville v. Alvarado,
897 S.W.2d 750, 752 (Tex. 1995) (explaining that a jury question may be immaterial, and
therefore its submission harmless, "when its answer can be found elsewhere in the verdict
or when its answer cannot alter the effect of the verdict").

b. Analysis 

 By issues five, six, and seven, all of which can be appropriately addressed together,
DPS argues that the trial court erred in not submitting Serbanic's negligence and
proportionate responsibility in the court's charge because it had designated her as a
"responsible third party" pursuant to section 33.004 of the Texas Civil Practice and
Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 33.004. (2) Section 33.004 provides,
in relevant part: 

§ 33.004 Designation of Responsible Third Party

(a) A defendant may seek to designate a person as a responsible third party
by filing a motion for leave to designate that person as a responsible third
party. The motion must be filed on or before the 60th day before the trial date
unless the court finds good cause to allow the motion to be filed at a later date.


 . . . .


(f) A court shall grant leave to designate the named person as a responsible
third party unless another party files an objection to the motion for leave on
or before the 15th day after the date the motion is served.


 . . . .


(h) By granting a motion for leave to designate a person as a responsible
third party, the person named in the motion is designated as a responsible
third party for purposes of this chapter without further action by the court or
any party.


Id. 


 DPS filed its "Motion for Leave to Designate Responsible Third Party" well before
the 60-day requirement of section 33.004(a). Id. § 33.004(a). Boswell did not file an
objection pursuant to subsection (f). Id. § 33.004(f). Therefore, the court was required to
grant the leave to designate Serbanic as a responsible third party. Id. 

 Because DPS was entitled to have Serbanic designated as a responsible third party,
we next address DPS' contention that Serbanic's name should have been submitted to the
jury for a determination of liability and a determination of her proportionate responsibility,
if any. 

 Pursuant to subsection (h) of section 33.004, by granting a motion for leave to
designate a person as a responsible third party, the person is designated as a responsible
third party for purposes of chapter 33 of the Texas Civil Practice and Remedies Code
without further action by the court or any party. Id. § 33.004(h). Pursuant to section
33.003(a)(4) the designation of a responsible third party under section 33.004 requires the
trier of fact to determine the percentage of responsibility for that person, in this case,
Serbanic. See id. § 33.003(a)(4) (Vernon Supp. 2006). Specifically, section 33.003(a)(4)
provides, 


(a) The trier of fact, as to each cause of action asserted, shall determine the
percentage of responsibility, stated in whole numbers, for the following
persons with respect to each person's causing or contributing to cause in any
way the harm for which recovery of damages is sought, whether by negligent
act or omission, by any defective or unreasonably dangerous product, by
other conduct or activity that violates an applicable legal standard, or by any
combination of these:

(1) each claimant;

(2) each defendant;
 
(3) each settling person; and

(4) each responsible third party who has been designated under Section 33.004.

(b) This section does not allow a submission to the jury of a question
regarding conduct by any person without sufficient evidence to support the
submission.


Id. 


 We have already determined that Serbanic was properly (or should have been)
designated as a responsible third party. At trial, and on appeal, Boswell argues that
because the collision in which Serbanic was involved was on a separate date, it was a
separate cause of action and, therefore, her name should not have been submitted to the
jury. The trial court agreed with Boswell and refused DPS's proposed liability and
proportionate responsibility questions which included Serbanic's name. (3) In fact, the jury
was asked to find Roney's responsibility for the "collision-in-question", the February 12,
2002 collision.

 Chapter 33 defines "responsible third party" as:

[A]ny person who is alleged to have caused or contributed to causing in any
way the harm for which recovery of damages is sought, whether by negligent
act or omission, by any defective or unreasonably dangerous product, by
other conduct or activity that violates an applicable legal standard, or by any
combination of these. 


Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (Vernon Supp. 2006).

 Both the proportionate responsibility statute and the definition of responsible third
party use the terms "harm for which recovery of damages is sought." What is significant
here is the harm for which Boswell was seeking recovery. We look to the record to review
the claims made by Boswell to determine whether there was sufficient evidence to support
the submission of Serbanic as a responsible third party. Id. § 33.003(b).

 Boswell initially sued for both accidents in one lawsuit. In his original petition,
Boswell alleged negligence against Roney and Serbanic and claimed their negligence was
the proximate cause of his injuries and of his and his wife's damages. (4) Boswell claimed,
"the injuries and damages sustained by Plaintiffs may be an indivisible injury." His claim
for damages included medical expenses, loss of earning capacity, physical pain and
mental anguish, and loss of physical capacity, in the past and future.

 After Serbanic filed her original answer, she filed a motion to sever Boswell's claims
against her from his claims against Roney. She alleged, 

[T]he claims levied against Serbanic are wholly unrelated to the causes of
action directed toward Defendants DPS and Roney. Further, the claims
against Serbanic comprise complete causes of action in and of themselves
and can stand alone as a separate lawsuit and do not involve the same facts
and circumstances forming the basis for the lawsuit against Defendants DPS
and Roney. Thus, the claims against Serbanic should be severed from the
claims brought against Defendants DPS and Roney.


 Interestingly, Boswell opposed Serbanic's motion. In his written objection to the
court, Boswell argued, 

Plaintiffs filed this lawsuit jointly against Defendants. Plaintiff has suffered
an injury to his neck and body generally as a result of two vehicle collisions
that occurred within ten days of each other. In both cases, Plaintiff was hit
from the rear. 


Before these two collisions, Plaintiff Boswell had a metal plate stabilizing the
bones in his neck. This plate was attached by four screws. In the course of
the two collisions, three of the screws were broken, and Plaintiff has had a
surgery to re-affix the screws. Plaintiffs anticipate that each Defendant will
blame the other party or a pre-existing condition for the surgery. In fact,
Defendants Texas Department of Public Safety and Roney have done just
that in their responses to Requests for Disclosure.


Plaintiff Boswell has alleged that he suffered an indivisible injury. Plaintiffs
would be prejudiced if required to maintain two lawsuits. Each defendant
could make the "empty chair" argument. It is therefore preferable to try the
claims together. [citations omitted] It would be error to sever these claims.
[citations omitted].


Even if Plaintiff is wrong in his contention that this involves an indivisible
injury, the damages issues in the two claims are interwoven. The same
medical evidence will be necessary for all parties for their claims or
defenses, that is, to prove or disprove that the damages suffered by Dean
Boswell resulted from one or both or neither of the collisions in question. A
single proceeding will therefore promote judicial economy. 


There is no order in the record indicating a ruling by the trial court on Serbanic's motion to
sever.

 In his Fifth Amended Petition, Boswell claimed the February 12 collision aggravated
his pre-existing condition. Boswell claimed in the alternative that the February 12 collision
and the February 25 collision "together caused an indivisible injury, including any
aggravation of a pre-existing condition." Boswell further claimed in the alternative that if
the February 25 collision caused a separate injury, "that injury was a subsequent
aggravation of the injury suffered [in the February 12 collision]."

 At trial Boswell testified about the February 25 collision involving Serbanic. He
testified that he was in a stopped position and was rear-ended by Serbanic. He blamed
her for the accident and alleged she was negligent. Photographs of both vehicles depicting
the physical damage that occurred to each were admitted into evidence. Immediately after
the February 25 collision, he returned to the clinic because he felt more pain. He
requested additional x-rays of his neck "for this reason." The progress note for the x-ray
done approximately one week later indicates he was there because of the February 25
collision and he "did not hurt until about 2 days later when he developed upper thoracic
pain, some posterior neck pain and right shoulder pain." Subsequent medical evaluations
determined Boswell's condition required surgery. 

 Throughout trial, DPS alleged the second collision was a factor in the harm claimed
by Boswell. Its expert, Dr. Nicholas Tsourmas, reviewed all of Boswell's medical records
and testified that the February 25 collision contributed to Bosell's injury.

Looking at the accident No. 1, I've concluded that there really wasn't much
in the way of complaints noted by his doctors. Certainly there was a reason
to check an x-ray. In reviewing those x-rays, I think it was two weeks after
the accident involved, there was further demonstration that this patient had
incompetent hardware that was different from Dr. Hansen's 2000 notes at
least. And then this medical care continued after the second motor vehicle
accident, certainly under Dr. Spann who had the opportunity to see him each
time after each of the accidents, noted increased pain and ordered new x-rays. And then his care expanded after that.


On cross-examination, Dr. Tsourmas testified that either of the collisions could have
caused the fracture of the screw.

 Based on the record before us, we conclude there was sufficient evidence to
support the submission of Serbanic as a responsible third party and to have the trier of fact 
determine her negligence and her proportionate responsibility for the harm claimed by
Boswell, specifically his neck injury. See Tex. Civ. Prac. & Rem. Code Ann. §
33.003(a)(4),(b). We further conclude that the trial court's failure to submit Serbanic's
name for a determination of liability and proportionate responsibility probably caused the
rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1). Accordingly, we sustain
DPS' issues relating to the trial court's failure to submit Serbanic's negligence and
proportionate responsibility to the jury as a responsible third party. It is therefore
unnecessary to consider DPS' alternative issues regarding the trial court's denial of its
motion to submit Serbanic's negligence to the jury as a settling person, specifically, issue
four. See Tex. R. App. P. 47.1. (5) 


III. Conclusion

 We reverse the judgment of the trial court and remand to the trial court for
proceedings consistent with this opinion.

 

 

 

 __________________________ 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 31st day of August, 2007.

1. Boswell filed his lawsuit after July 1, 2003.
2. We note that our analysis and disposition of these issues also effectively resolves DPS' complaints
in issues thirteen, fourteen, fifteen, sixteen, and seventeen on appeal. Specifically, because by including
Serbanic as a responsible third party and by requiring the jury to determine her proportionate responsibility,
the jury will necessarily have to decide whether to allocate responsibility, if any, to Serbanic for Boswell's
injuries sustained in the February 25 collision. 
3. We emphasize that pursuant to section 33.004(f), because Boswell did not file an objection to DPS'
motion for leave to designate Serbanic as a responsible third party, the trial court was required to grant the
leave. See Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (Vernon Supp. 2006). In addition, we note that DPS
re-urged its request to designate and submit Serbanic's name as a responsible third party during the charge
conference. The trial court denied DPS' request. 
4. Boswell's wife filed a loss of consortium claim
.
5. DPS has not raised any issues that, if sustained, would require rendition of judgment. Accordingly,
given our disposition of issues five, six, and seven, we need not address DPS' remaining issues. See Tex.
R. App. P. 47.1.